IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ERNST BRENT WILCOCK | ) | CV 04-32-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MIKE MAHONEY | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 5, 2006, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation (Doc. 16) on this matter recommending that Petitioner's Writ of Habeas Corpus be denied with prejudice. On June 1, 2006, Petitioner timely objected (Doc. 17) and is therefore entitled to de novo review of the record.  28 U.S.C. § 636 (b)(1).

In his 28 U.S.C § 2254 *habeas corpus* petition, Petitioner states his counsel's failure to timely file an appeal of his sentence amounts to (Ground 1) an ineffective assistance of counsel, (Ground 2) a denial of his right to access the courts,

-1-

and (Ground 3) a denial of his right to direct appeal.

In reviewing the merits of Petitioner's three grounds for relief, this Court must give deference to the state courts. *See Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state court's decision on maters of law should stand so long as they are neither "contrary" to, nor an "unreasonable application" of, federal law. 28 U.S.C. § 2254(d). As for state court determinations of fact, the district court should grant deference so long as there was not an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Here, I find no legal or factual flaws in the state court rulings, and therefore Petitioner is not entitled to relief.

Without discussing the potential statute of limitations and state exhaustion issues that would ban this petition from federal jurisdiction, the petition can be denied with prejudice on the merits. The ineffective assistance of counsel claims fall short of meeting the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In *Strickland*, the Court held that a successful ineffective assistance of counsel claim must establish that (1) the counsel's representation "fell below an objective standard of reasonableness," and (2) that the inadequate performance actually prejudiced the defendant. *Id*.

-2-

Petitioner claims that his counsel's failure to appeal his sentence was both unreasonable and prejudiced his case. Petitioner's counsel was bound by a constitutional duty to consult with Petitioner about appealing a case if he believed that a rational defendant would have wanted to appeal based on non-frivolous grounds or if Petitioner "reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The record does not show that Petitioner reasonably demonstrated to his counsel that he was interested in a timely appeal. In fact, it seems that the only conversation about an appeal between Petitioner and his counsel dissuaded the Petitioner from choosing that course of action. This is evidenced by the omission of any mention of appeal in Petitioner's subsequent letters to counsel.

Though Petitioner fails to show that he reasonably demonstrated his desire to appeal, the record does show that his counsel should have figured the rational defendant in the Petitioner's position would want to appeal based on non-frivolous grounds. The inadmissibility of polygraph tests, whether they benefit or adversely affect the defendant, is a well established rule of law. *See e.g., United States v. Cordoba*, 194 F.3d 1053, 1063 (1999); *State v. Staat*, 248 Mont. 291, 293 (1991); *State v. Hensley*, 250 Mont. 478, 483 (1991); *In re Marriage of Njos*, 270 Mont. 54, 61 (1995); *State v. Craig*, 262 Mont. 240, 242-43

(1993).  The record shows that Petitioner was subjected to a polygraph examination and that the results of that examination were considered.[1]  Thus, there does appear to be a non-frivolous basis for an appeal based on admission of the polygraph test resulsts.

While there is certainly room to argue that counsel should have filed an appeal, the issue is moot in light of the standard set by *Strickland*.  The only way that Petitioner could succeed on the merits would be if the counsel's failure to appeal was objectively unreasonable *and* it caused him prejudice.  *See Strickland*, 466 U.S. at 688, 694.  As the results of the polygraph test were interpreted to suggest that Petitioner was at a *low risk* to reoffend, the results did not cause any prejudice to Petitioner.  Though polygraph results that are positive and negative portrayals of the defendant are inadmissable due to their seen or unseen potential for damaging the defendant's case, here the evidence was admitted and no harm was incurred.  *See Cordoba*, 194 F.3d at 1063.  Therefore, counsel's decision to not appeal did not cause direct or indirect prejudice to Petitioner, and Petitioner fails to meet the burden required to prove an ineffective assistance of counsel claim.

Based on the foregoing reasons, this Court adopts Judge

---

[1] The examination results were included in the Sex Offender Amenability Evaluation which was directly mentioned in the Judgement and Sentence.  (Doc. 12, Exhibit C, p. 2, ¶ 5).

Erickson's Findings and Recommendation (Doc. 16) in full.

Accordingly, **IT IS HEREBY ORDERED:**

Petitioner's 28 U.S.C. § 2254 Petition for Writ of *Habeas Corpus* is **DENIED WITH PREJUDICE.**

DATED this 16th day of August, 2006.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court

-5-